## Dazian's Inc. *v.* United States

**No. 5878.**—Invoice dated Bayreuth, Germany, July 31, 1936.
       Certified August 1, 1936.
       Entered at New York, N. Y., August 18, 1936.
       Entry No. 721390.

(Decided June 3, 1943)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That on September 20, 1940, the Secretary of the Treasury made a finding of dumping promulgated as T. D. 50233 with respect to glass frostings from Germany.

(2) That the merchandise herein consists of glass frostings entered at the port of New York on August 18, 1936.

(3) That on January 17, 1941, the deputy appraiser at said port appraised the merchandise herein in accordance with the provisions of section 402 of the Tariff Act of 1930, and on January 17, 1941, made an appraisement report under the Antidumping Act of 1921 with respect to the imported merchandise under the authority of the aforesaid finding of dumping by the Secretary of the Treasury.

(4) That within thirty days after said appraisement and appraisement report the importer herein filed an appeal to reappraisement.

(5) That on August 1, 1942, the Secretary of the Treasury promulgated T. D. 50694 amending T. D. 50233, dated September 20, 1940, effective as of the latter date, by inserting after the word "frostings" wherever that word appears therein, the words "consisting of small uncolored flakes of glass."

(6) That the imported merchandise herein is not "frostings consisting of small uncolored flakes of glass," as provided for in T. D. 50233 as amended by T. D. 50694.

(7) That the entered and appraised values of the instant merchandise under the provisions of section 402 of the Tariff Act of 1930 correctly represent the market values or the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Germany in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

(8) That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is not higher than the foregoing entered and appraised values.

(9) This case is submitted for decision on this stipulation.

On the agreed facts I find, insofar as the appeal relates to the valuation of the involved merchandise under the provisions of section 402 of the Tariff Act of 1930, the proper basis for the determination of the value of the involved merchandise to be the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, and that such value is the entered value.

I further find, insofar as the appeal relates to the valuation of the involved merchandise under the provisions of the Antidumping Act of

1921, that the values found by the appraiser under said Antidumping Act of 1921 should be and the same are hereby vacated and set aside. Judgment will be rendered accordingly.